

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Shamiso Maswoswe, a/k/a
Tyra J.,[1]
Complainant,

v.

William P. Barr,
Attorney General,
Department of Justice,
Agency.

Request No. 2020005092

Appeal No. 2019004272

Agency No. OBD-2018-00061/DJ-187-5-421

DECISION ON REQUEST FOR RECONSIDERATION

Complainant requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in Tyra J. v Dep't of Justice, EEOC Appeal No. 2019004272 (Aug. 10, 2020). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency.  See 29 C.F.R. § 1614.405(c).

At the time of events giving rise to this complaint, Complainant worked as a Trial Attorney, GS-15, in the Agency's Criminal Division, Public Integrity Section (PIN), located in Washington D.C.  Complainant began a term appointment on January 4, 2016.

On January 13, 2018, Complainant filed an EEO complaint alleging discrimination and harassment based on race, sex, parental status, disability, and in reprisal for prior EEO activity when:

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

1. Approximately in January 2016, the Acting Chief (S1) stated, "We've never hired anyone like you," which seemed to refer to Complainant's race and sex;

2. In July 2016, when Complainant informed S1 and the Principal Deputy Chief (S2) that she was pregnant, S1 looked visibly disappointed and stated it was "unfair" that Complainant would utilize leave she earned on a detail "on his watch" and S2 consistently asked about Complainant's pregnancy and childcare plans;

3. In March 2017, after Complainant returned from maternity leave, S2 decreased Complainant's travel authorization for a trial from two weeks to one week so that Complainant "could spend more time with the little one;"

4. From February 2017 to November 2017 (the end of her term appointment), S2 targeted Complainant with undue and unfair criticism of her job performance and gave Complainant assignments to overburden her;

5. In July 2017, management provided a place with a locked door for Complainant to use a breast-pump, but someone walked in while Complainant was pumping breastmilk and got upset with Complainant so she had to locate another place on her own;

6. In August 2017, at his farewell party, S1 referred to himself as a "pussy;"

7. On August 28, 2017, management issued Complainant a "Satisfactory" performance rating inappropriately; and

8. On September 12, 2017, S2 informed Complainant, based on her recommendation, the Agency would not extend her appointment or convert her to permanent.

Complainant requested an Agency decision. The Agency issued a decision finding that Complainant failed to prove that the Agency subjected her to discrimination as alleged. Complainant appealed, and the Commission's prior decision affirmed the Agency's decision.

In her request, Complainant reiterates arguments she previously made and provides no evidence to warrant granting her request. The Commission emphasizes that a request for reconsideration is not a second appeal to the Commission. Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110) (Aug. 5, 2015), at 9-18; see, e.g., Lopez v. Dep't of Agric., EEOC Request No. 0520070736 (Aug. 20, 2007). Rather, a reconsideration request is an opportunity to demonstrate that the appellate decision involved a clearly erroneous interpretation of material fact or law, or will have a substantial impact on the policies, practices, or operations of the Agency. Complainant has not done so here.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to deny the request.

3                                                              2020005092

The decision in EEOC Appeal No. 2019004272 remains the Commission's decision.  There is no further right of administrative appeal on the decision of the Commission on this request.

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision.  You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision.  If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title.  Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

### RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

_____
Carlton M. Hadden, Director
Office of Federal Operations


November 18, 2020
Date