IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAMISO MASWOSWE )<br>      Platintiff, )<br>v. )<br>MERRICK GARLAND, )<br>ATTORNEY GENERAL )<br>      Defendant. ) | Civil Action No. 1:21-cv-411-CKK<br><br>Judge Colleen Kollar-Kotelly |

## ANSWER

Defendant Merrick Garland,[1] in his official capacity, hereby answers the Employment Discrimination Complaint and Demand for Jury Trial, ECF No. 2, ("Complaint") as follows:

### First Defense

Plaintiff fails to state a claim upon which relief could be granted.

### Second Defense

Plaintiff failed to mitigate damages by taking reasonable steps to reduce or eliminate damages.

### Third Defense

Answering the separate paragraphs of Plaintiffs' Complaint, Defendants state:

Section headings in the Complaint are only purported characterizations of subsequent allegations, to which no response is required, but insofar as one is deemed necessary, denied.

The unnumbered opening paragraph of the Complaint consists of a characterization of the instant action, to which no response is required, but insofar as one is deemed necessary, denied.

---

[1] Defendant has been substituted for then-Acting Attorney General Monty Wilkinson, the defendant named by the Complaint, pursuant to Federal Rule of Civil Procedure 25(d).

1. Defendant denies except to admit that Plaintiff was previously employed as a Trial Attorney at the Department of Justice ("DOJ") at the GS-15 paygrade, that her term of employment was not extended, and that Plaintiff is a Black woman who was pregnant and gave birth during her employment at DOJ.

2. This paragraph consists of Plaintiff's characterization of the instant action, to which no response is required, but insofar as one is deemed necessary, denied.

3. This paragraph consists of Plaintiff's characterization of the instant action, to which no response is required, but insofar as one is deemed necessary, denied.

4. This paragraph consists of Plaintiff's legal conclusion regarding venue in the instant action, to which no response is required, but insofar as one is deemed necessary, denied.

5. This paragraph consists of Plaintiff's legal conclusion regarding pre-suit exhaustion, to which no response is required, but insofar as one is deemed necessary, denied.

6. Defendant admits that Plaintiff is a Black woman who was hired by the Public Integrity Section ("Section") of DOJ in January 2016 and who had a child in November 2016. Defendant lacks sufficient knowledge or to admit or deny the remaining allegations in this paragraph.

7. Defendant admits that the Section is the part of DOJ that investigates and prosecutes alleged misconduct by public officials. Defendant further states that, as of the filing of the Complaint, DOJ was headed by Acting Attorney General Monty Wilkinson. Defendant denies the remaining allegations in this paragraph.

8. Admitted.

9. Defendant admits that, prior to her employment at DOJ, Plaintiff worked at two law firms in New York City for a total of approximately ten years. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

10. Defendant admits that Plaintiff holds a J.D. from New York University Law School. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

11. Defendant lacks sufficient knowledge or information to admit or deny the allegations in this paragraph.

12. Defendant admits that Plaintiff holds a bachelor's degree from the University of Texas at Austin. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

13. Admitted.

14. This paragraph consists of Plaintiff's legal conclusion regarding the application of the Civil Rights Act and the Pregnancy Discrimination Act, to which no response is required, but insofar as one is deemed necessary, denied.

15. This paragraph appears to consist of quotations from 29 C.F.R. § 1614.102 and Defendant respectfully refers the Court to the text of the regulation for a complete and accurate statement of its contents. To the extent a response is required, this paragraph is denied.

16. This paragraph appears to consist of quotations from the referenced Office of Personnel Management memorandum and Defendant respectfully refers the Court to the text of the

memorandum for a complete and accurate statement of its contents. To the extent a response is required, this paragraph is denied.

17. This paragraph consists of Plaintiff's legal conclusion regarding the application of the NO FEAR Act, to which no response is required, but insofar as one is deemed necessary, denied.

18. This paragraph appears to consist of quotations from the referenced letter and Defendant respectfully refers the Court to the text of the memorandum for a full and accurate statement of its contents. To the extent a response is required, this paragraph is denied.

19. Admitted.

20. This paragraph consists of Plaintiff's legal conclusion regarding the scope of authority held by a Section Chief, to which no response is required, but insofar as one is deemed necessary, denied.

21. Admitted.

22. Denied.

23. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph.

24. The first sentence is denied. The remainder of the paragraph is comprised of Plaintiff's characterization of DOJ's leave bank policy, to which no response is required, but insofar as one is deemed necessary, denied.

25. Defendant admits that Plaintiff took approximately three weeks of leave prior to the birth of her child. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

26. Admitted.

27-30. Defendant lacks knowledge or information sufficient to admit or deny the allegations in these paragraphs.

31. Denied.

32. Denied.

33. Defendant denies except to admit that Section management believed Plaintiff would benefit from working with more experienced attorneys on some of her cases.

34. Denied.

35. As to the first sentence, denied. As to the second sentence, Defendant lacks knowledge or information sufficient to admit or deny the allegations.

36. Defendant denies the first, second, and third sentences except to admit that Plaintiff was assigned for one week to support the trial team in North Carolina. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the fourth sentence.

37. Defendant admits that Plaintiff attended the referenced trial in North Carolina and that her child travelled with her on that trip. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in the first sentence. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the second sentence. Defendant admits the third sentence. Defendant admits that Plaintiff's Section Chief and Deputy Section Chief exchanged the referenced emails in regard to Defendant's decision to take her child the trip but denies Plaintiff's characterization of the emails. Defendant denies the remaining allegations in this paragraph.

38. Defendant denies except to admit that Plaintiff received some praise for her assistance to the trial team that litigated the referenced trial in North Carolina and that the case was successful.

39-42. Denied.

43. As to the first sentence, admitted. As to the second sentence, Defendant lacks knowledge or information sufficient to admit or deny the allegations.

44. Defendant denies except to admit that Plaintiff received praise for her assistance to the trial team for the referenced trial in North Carolina.

45. Defendant denies except to admit that Plaintiff worked on several cases while at the Section.

46. Defendant denies except to admit that Plaintiff successfully presented a case to a grand jury and drafted a detention memorandum.

47. Defendant denies except to admit that Plaintiff represented the United States in status conferences in federal district courts, worked with the FBI to put together an operation, and investigated Scam PACs.

48. Defendant denies except to admit that Plaintiff was second-chair in the referenced drug trafficking prosecution, she presented the opening argument, the trial resulted in convictions, Plaintiff handled multiple witnesses at the trial, and the case received press coverage.

49. Admitted.

50. Denied.

51. Defendant denies the allegations in the first sentence, except to admit that Plaintiff's annual performance review meeting followed the trial referenced in paragraph 48. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the second sentence.

52. Admitted.

53. Defendant denies except to admit that during the referenced performance review meeting Plaintiff informed the Section Chief that she did not believe that the Satisfactory rating reflected her performance and that Plaintiff mentioned a colleague (who is a White male and had taken parental leave).

54. Defendant denies except to admit that Plaintiff stated her intent to challenge her rating at her annual performance review meeting.

55. As to the first sentence of this paragraph, Defendant denies except to admit that Plaintiff's Section Chief expressed surprise that Plaintiff wanted to challenge her Satisfactory rating and asked if she "really wanted" to do so. As to the second sentence of this paragraph, Defendant lacks knowledge or information sufficient to admit or deny the allegations.

56. As to the first and third sentences, denied. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the second sentence of the paragraph.

57. Defendant denies except to admit that Plaintiff contacted Human Resources on or about August 30, 2017, concerning her performance review.

58. As to the first and second sentences, admitted. Defendant denies the third sentence of this paragraph.

59. As to the first sentence, denied. As to the second and third sentences, Defendant lacks knowledge or information sufficient to admit or deny. As to the fourth sentence, denied. As to the fourth sentence, Defendant denies that DOJ arranged travel for Defendant's child. As to the fifth sentence, it states a legal conclusion to which no response is required, but insofar as one is deemed necessary, denied.

60. Defendant denies except to admit that Plaintiff's Section Chief contacted Criminal Division management concerning Plaintiff's child accompanying her during the performance of her official duties at the trial in New Jersey.

61. As to the fourth sentence of this paragraph, admitted. As to the sixth sentence of this paragraph, Defendant admits that an attorney on the trial team so stated. As to the remainder of the allegations in this paragraph, Defendant lacks knowledge or information sufficient to admit or deny.

62. This paragraph consists of Plaintiff's legal conclusion regarding the application of New Jersey law to her conduct, to which no response is required, but insofar as one is deemed necessary, denied.

63. Defendant denies except to admit that the Section Chief did not ask Plaintiff if she had obtained authorization to bring her infant, did not inquire about child care arrangements, did not advise whether Plaintiff could bring her infant to court, did not give Plaintiff a warning, and did reach out to DOJ Criminal Division's General Counsel about options available to management with respect to Plaintiff's employment.

64. Defendant denies except to admit that, after Plaintiff's performance review and after she brought her newborn child to court while on official business, her Section Chief

contacted DOJ Criminal Division's General Counsel about Plaintiff's continued employment after her probationary period.

65. Defendant denies the fourth sentence and admits the remainder of the paragraph.

66. Admitted.

67. Defendant denies the allegations in this paragraph, except to admit that Plaintiff was informed that her employment was not being extended beyond the probationary period on the same day as the sentencing hearing before Judge Chutkan.

68. Denied.

69. Admitted.

70. As to the first sentence of the paragraph, Defendant denies except to admit that Plaintiff received a Satisfactory rating on her performance evaluation. As to the second sentence of the paragraph, Defendant admits that the quoted language appears in Section employee review documents, but respectfully refers the Court to the text of the document for a full and accurate statement of its contents.

71. Defendant denies except to admit that the performance review documents specify the performance expectations for the various ratings, including those required to achieve a Satisfactory rating, and that Plaintiff's Section Chief approved her performance evaluation.

72. Defendant denies except to admit that new Section attorneys most often receive Satisfactory ratings at their first annual review.

73. Defendant admits that the allegations consist of quotes from Plaintiff's performance evaluation, but respectfully refers the Court to the text of the evaluation for a full and accurate statement of its contents.

74. Denied.

75. Defendant denies except to admit that Plaintiff was the only member of her hiring cohort whose employment was not extended beyond the first year, including those who also received Satisfactory ratings.

76. Defendant denies except to admit that Plaintiff was the only member of her hiring cohort who did not have her term of employment extended at the end of her first year.

77-82. Denied.

83. Defendant denies except to admit that Ray Hulser, who has held various senior positions in the Section and the Criminal Division, told Plaintiff that the Section had never previously hired anyone like Plaintiff—an attorney from a private law firm lacking in prosecutorial experience—and referenced another Black female attorney in the Section to clarify that his comment did not refer to Plaintiff's sex or race. Defendant further avers that Plaintiff herself confirmed to a room full of Section personnel that she understood that Mr. Hulser's comment did not relate to her race or sex.

84. Denied.

85. Denied.

86. Defendant lacks knowledge or information sufficient to admit or deny the allegations in this paragraph.

87. As to the first sentence of this paragraph, denied. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

88. Defendant incorporates by reference the responses to paragraphs 1-87 of the Complaint as well as to any unnumbered allegations.

89. This paragraph consists of Plaintiff's legal conclusion regarding the effect of Title VII, to which no response is required, but insofar as one is deemed necessary, denied.

90. This paragraph consists of Plaintiff's legal conclusion regarding the application of Title VII, to which no response is required, but insofar as one is deemed necessary, denied.

91. Denied.

92. Defendant denies except to admit that Plaintiff contacted DOJ Human Resources on or about August 30, 2017.

93. As to the first sentence of this paragraph, denied. As to the second sentence of this paragraph, Defendant denies except to admit that Plaintiff's Section Chief wrote a memorandum on September 11, 2017, recommending that Plaintiff's term of employment not be extended, which was adopted the following day by DOJ's Office of Attorney Recruiting and Management.

94-97. Denied.

98. Defendant incorporates by reference the responses to paragraphs 1-97 of the Complaint as well as to any unnumbered allegations.

99. This paragraph consists of a legal conclusion regarding the effect of Title VII, to which no response is required, but insofar as one is deemed necessary, denied.

100. This paragraph consists of a legal conclusion regarding the application of Title VII to DOJ, to which no response is required, but insofar as one is deemed necessary, denied.

101. Defendant admits that Plaintiff is a woman and mother. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

102-107. Denied.

108. Defendant incorporates by reference the responses to paragraphs 1-107 of the Complaint as well as to any unnumbered allegations.

109. Denied.

110. This paragraph consists of a legal conclusion regarding the application of Title VII to DOJ, to which no response is required, but insofar as one is deemed necessary, denied.

111. Defendant admits that Plaintiff is a woman who was pregnant and gave birth in 2016. The remainder of this paragraph consists of a legal conclusion regarding the application of Title VII to Plaintiff, to which no response is required, but insofar as one is deemed necessary, denied.

112. Denied.

113. Denied.

114. Defendant incorporates by reference the responses to paragraphs 1-113 of the Complaint as well as to any unnumbered allegations.

115. This paragraph consists of a legal conclusion regarding the effect of Title VII, to which no response is required, but insofar as one is deemed necessary, denied.

116. This paragraph consists of a legal conclusion regarding the application of Title VII to DOJ, to which no response is required, but insofar as one is deemed necessary, denied.

117. Denied.

118. Defendant incorporates by reference the responses to paragraphs 1-117 of the Complaint as well as to any unnumbered allegations.

119. Admitted.

120. This paragraph consists of a legal conclusion regarding the effect of Title VII, to which no response is required, but insofar as one is deemed necessary, denied.

121. This paragraph consists of a legal conclusion regarding the application of Title VII to DOJ, to which no response is required, but insofar as one is deemed necessary, denied.

122. Denied.

123. Denied.

124. This paragraph consists of Plaintiff's prayer for relief, to which no response is required, but insofar as one is deemed necessary, denied.

125. This paragraph consists of Plaintiff's demand for a jury trial, to which no response is required, but insofar as one is deemed necessary, denied.

Dated: July 13, 2021                     Respectfully submitted,

                                         BRIAN M. BOYNTON
                                         Acting Assistant Attorney General
                                         Civil Division

                                         CARLOTTA WELLS
                                         Deputy Director, Federal Programs Branch

/s/ *Gary Feldon*
GARY D. FELDON (D.C. Bar # 987142)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W., Room 11104
Washington, DC 20530
Tel: (202) 598-0905
Email: gary.d.feldon@usdoj.gov

*Counsel for Defendant*