**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**SHAMISO MASWOSWE,**

**Plaintiff,**

**v.**

**MERRICK GARLAND,**
**U.S. DEP'T OF JUSTICE,**

**Defendant.**

**Civil Action No. 21-411 (CKK)**

**JOINT REPORT**

COME NOW, the parties who submit this Joint Report pursuant to the Judge's July 13, 2021 Order for Initial Scheduling Conference; December 1, 2021 Minute Order; and Local Rule 16.3(c) meet and confer requirements.

**A. Statement of the Case and Statutory Basis**

This is an employment discrimination case. Plaintiff Shamiso Maswoswe is a former employee of Defendant Department of Justice, Public Integrity Section. Ms. Maswoswe worked for Defendant as a GS-15 prosecutor from on or about January 2016 to November 2017.

Ms. Maswoswe alleges that after she became pregnant, gave birth in November 2016, and began breastfeeding upon her return from maternity leave, Defendant subjected her to harassment and discrimination based on her sex/caregiver status, race, pregnancy, childbirth, and lactation. Plaintiff claims that on September 12, 2017, Defendant informed Ms. Maswoswe that it was terminating her employment for "performance and conduct" reasons, two weeks after Ms. Maswoswe received a "satisfactory" annual performance rating and after Ms. Maswoswe complained of discrimination to her supervisors and Human Resources.

Defendant does not dispute that Ms. Maswoswe became pregnant, gave birth in November 2016, and breastfed upon her return from maternity leave. However, Defendant maintains that the Department did not subject Ms. Maswoswe to any harassment or discrimination, including but not limited to harassment or discrimination in connection with her pregnancy, childbirth, lactation, caregiver status, race, or for any other reason. Rather, on September 12, 2017, Defendant informed Ms. Maswoswe that her temporary employment as a Trial Attorney in the Department's Public Integrity Section would expire on November 11, 2017, and that it would not be renewed or converted to a permanent appointment. Ms. Maswoswe was further informed that the decision was based on her "performance and conduct as an attorney with the Public Integrity Section."

Following termination of Ms. Maswoswe's employment with the Department, she filed an EEO complaint, and an EEOC Administrative Law Judge concluded that she failed to demonstrate discrimination. Ms. Maswoswe subsequently filed the instant lawsuit, alleging harassment, discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-1 *et seq.* and the Pregnancy Discrimination Act subsumed within it.

**B. Topics Pursuant to Local Rule 16.3(c)**

**(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

No dispositive motions have been filed at this time. Plaintiff does not believe the case is likely to be disposed of by dispositive motion. Plaintiff anticipates disputed issues of material fact, which will require a trial by jury. Defendant is unable to determine whether the case can be disposed of through dispositive motions at this time, and reserves the right to make that determination following completion of discovery.

**(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

Plaintiff does not intend to request joinder or amendment of pleadings.

**(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

At this time, there is no agreement to refer this matter to a magistrate judge for all purposes, including trial.

**(4) Whether there is a realistic possibility of settling the case.**

With the Court's permission, the parties participated in a settlement conference before Magistrate Judge G. Michael Harvey on September 29, 2021 and were not able to reach a settlement agreement. Plaintiff remains willing to continue settlement discussions and/or consider an offer of settlement. Defendant is open to considering settlement as a possible resolution of this case.

**(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

Plaintiff's counsel has discussed ADR and its response to this provision with Plaintiff. Considering that the parties have already engaged in one session of ADR, which was unsuccessful, the parties agree that additional ADR sessions may not be productive at this time. Should the parties fail to reach a settlement prior to the conclusion of the discovery period, the parties propose a second session sometime between the close of discovery and the pre-trial conference, in the event that the information and materials shared in discovery have changed the parties' positions with regards to settlement.

**(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Plaintiff does not believe the issues in this case can be resolved by dispositive motion. However, Plaintiff reserves the right to file a motion for summary judgment as the case proceeds. Defendant is unable to determine whether the case can be disposed of through dispositive motions at this time, and reserves the right to make that determination following completion of discovery.

The parties propose that dispositive motions be filed no later than 60 days after the close of all discovery. The opposition to any dispositive motion will be due within 45 days from the filing of the motion, and reply briefs will be filed, if at all, within 15 days from the filing of the opposition. The parties propose that the Court resolve dispositive motions within 30 days from the expiration of the deadline for the reply brief or from the argument (if any), whichever is later.

**(7) Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

At this time, there is no agreement to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1). The parties propose that such disclosures be exchanged within 45 days of the filing of this Joint Report.

**(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties anticipate that discovery will not be too extensive in light of the administrative discovery already conducted. As a result, the parties believe that fact discovery could be completed within five months, with an additional month for expert discovery. The parties propose that fact discovery (including the completion of all depositions and responses to

interrogatories, requests for production of documents and requests for admissions) be tentatively scheduled for completion on **May 15, 2022**, and expert discovery on **June 15, 2022**.  Plaintiff anticipates needing a protective order to protect the confidentiality of information related to her damages, including her medical records, any testimony pertaining to her medical conditions, medical records and testimony containing confidential information relating to her minor children, and information related to her job search.  Defendant agrees that a protective order is appropriate in this case.

**(9) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

At this time, the parties are not aware of any such issues.

**(10)    Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

At this time, the parties are not aware of any such issues.

**(11)    Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

Plaintiff has retained two experts to prepare expert witness reports regarding her damages and may retain additional experts if such a need arises in the course of litigation.  Defendant may also retain a damages expert, and other additional experts if such need arises in the course of litigation. At this time, the parties do not believe the requirements pursuant to Fed. R. Civ. P. 26(a)(2) should be modified.  Depositions of experts should occur within the discovery period, or within 30 days from production of any expert disclosure or supplemental disclosure, whichever is later.

**(12)    In class actions, appropriate procedures for dealing with Rule 23, Fed .R. Civ. P. proceedings, including the need for discovery and the timing thereof,**

**dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

This matter does not involve a class action.

**(13) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties do not see a need to bifurcate the trial and/or discovery or manage them in phases. Bifurcating the trial would unnecessarily duplicate the parties' costs.

**(14) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties propose that a pretrial conference date be scheduled approximately thirty (30) days after a decision is issued on any motions for summary judgment that are filed.

**(15) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

Given the delays affecting the scheduling of jury trials since the onset of the COVID-19 pandemic, the parties propose that a firm trial date be set immediately and/or at the first scheduling conference, if such a conference occurs.

**(16) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The parties do not believe that there are any other matters that require inclusion in a Scheduling Order at this time.

Date:   December 15, 2021                         Respectfully Submitted,


                                                                                               */s/ Marlene Laimeche*
Marlene A. Laimeche, Bar No. 1027951
Joseph D. Gebhardt, Bar No. 113894
Gilbert Employment Law, P.C.
1100 Wayne Avenue, Suite 900
Silver Spring, MD 20910
Tel: (301) 608-0880
Fax: (301) 608-0881
mlaimeche@gelawyer.com
jgebhardt@gelawyer.com

*Counsel for Plaintiff*


BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

CARLOTTA WELLS
Deputy Director, Federal Programs Branch

*/s/ Emily Nestler*

EMILY B. NESTLER (D.C. Bar # 973886)
Trial Attorney
U.S. Department of Justice Civil Division,
Federal Programs Branch
1100 L Street, N.W., Rm. 12512
Washington, DC 20530
Tel: (202) 305-0167
Email: Emily.b.nestler@usdoj.gov

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2021, I served the foregoing Joint Report on all parties of record via the Court's CM/ECF System.

*/s/ Marlene Laimeche*
Marlene A. Laimeche, Bar No. 1027951