IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAMISO MASWOSWE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 21-411 (CKK) |
| v. ) | |
| ) | |
| MERRICK GARLAND, ) | |
| U.S. DEP'T OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

**JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER**

In accordance with Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Shamiso Maswoswe and Defendant Merrick Garland, U.S. Department of Justice (collectively the "Parties") hereby respectfully request the Court issue a Protective Order to preclude disclosure of confidential information exchanged in the above-referenced action. The Parties anticipate that confidential information, including documents or responses containing personal, medical, personnel, trade secret, and/or proprietary information, will be exchanged between them during this litigation. Accordingly, the Parties request that the Court adopt the Stipulated Protective Order attached hereto to facilitate the exchange of confidential information and restrict its use or distribution to only what is permitted therein.

WHEREFORE, Plaintiff and Defendant request that the Court grant this Joint Motion and enter into the record the attached proposed Stipulated and Confidentiality Protective Order, to govern the exchange of confidential information during this case.

Date:   March 11, 2022 				Respectfully Submitted,

*/s/ Marlene Laimeche*
Marlene A. Laimeche, Bar No. 1027951
Joseph D. Gebhardt, Bar No. 113894
Gilbert Employment Law, P.C.
1100 Wayne Avenue, Suite 900
Silver Spring, MD 20910
Tel: (301) 608-0880
Fax: (301) 608-0881
mlaimeche@gelawyer.com
jgebhardt@gelawyer.com

*Counsel for Plaintiff*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

CARLOTTA WELLS
Assistant Director, Federal Programs Branch

*/s/ Emily Nestler*
EMILY B. NESTLER (D.C. Bar # 973886)
KEVIN WYNOSKY (P.A. Bar # 326087)
Trial Attorneys
U.S. Department of Justice Civil Division,
Federal Programs Branch
1100 L Street, N.W., Rm. 12512
Washington, DC 20530
Tel: (202) 305-0167
Email: Emily.b.nestler@usdoj.gov

*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SHAMISO MASWOSWE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No. 21-411 (CKK)** |
| v. ) | |
| ) | |
| **MERRICK GARLAND,** ) | |
| **U.S. DEP'T OF JUSTICE,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**STIPULATED PROTECTIVE ORDER**

Upon consideration of the Joint Motion for Entry of a Stipulated Protective Order stipulated to by Plaintiff Shamiso Maswoswe and Defendant Merrick Garland, the Court finds that such an order will expedite the exchange of discovery material in the above-captioned matter, facilitate the prompt resolution of disputes over confidentiality and protect discovery material, including third-party documents, entitled to be kept confidential. Therefore, pursuant to the Privacy Act, 5 U.S.C. § 552a(b)(11) and Fed. R. Civ. P. 26(c), it is hereby ORDERED that the parties' Joint Motion for Entry of a Stipulated Protective Order is GRANTED, and it is FURTHER ORDERED that the following provisions shall govern the use and disclosure of documents and information covered by this Order:

**1. Scope.** All documents produced in the course of exchange of documents, including but not limited to requests and responses to requests for information, deposition testimony and exhibits, communications in electronic or documentary form, other materials which may be subject to restrictions on disclosure for good cause, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as

set forth below. Nothing in this order is intended to confer rights on any third party or to constitute an agreement or waiver regarding the scope of discovery, or a ruling on the question of whether any particular document or category of information is properly discoverable or admissible. The parties reserve the right to object to discovery on any appropriate ground.

**2. Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or a similar marking on the document in a manner that brings its attention to a reasonable examiner without interfering with the legibility of the document. For any records (such as electronic data) whose medium makes such label impracticable, the cd, diskette, or tape case and/or accompanying cover letter or email shall be marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or a similar marking. In addition to marking a document "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or the like, the parties may rely on cryptonyms or similar unique identifiers as necessary to protect sensitive law enforcement information and methods included in a document, including the names of prior or ongoing investigations and matters, as well as of any agents or witnesses.

**3. Documents Which May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.** Any party may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, or by any other statute, or that should be protected from disclosure, such as but not limited to confidential personal information, medical or psychiatric information, financial information, trade secrets, personnel records, sensitive commercial information that is not publicly available, and sensitive law enforcement information (including information relating to law enforcement

sources and methods as well as prior and ongoing investigations or proceedings). Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

**4. Depositions.** Deposition testimony shall be deemed CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER only if designated as such. A party may designate portions or an entire transcript at any time before, during, or after a deposition.

**5. Protection of Confidential Material.**

    **(a) General Protections.** Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in ¶ 5(b) for any purpose whatsoever other than for the litigation or settlement of this action, including any appeals thereof. Any information that is shared pursuant to the terms of this section must remain under the control of counsel for the parties and be immediately retrieved from any persons with whom it has been shared, or, if immediate retrieval is impossible, then as soon as reasonably possible.

    **(b) Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in this Paragraph. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, provided they sign a statement acknowledging that they are bound to this Order (attached at Appendix A), and provided that their access to the protected documents extends no longer than reasonably necessary to facilitate their work on this litigation:

**(1) Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the litigation of the action;

**(2) Parties.** Parties and employees of a party to this Order whose assistance is reasonably necessary to the conduct of the litigation;

**(3) Court Reporters and Recorders.** Court reporters and recorders engaged for depositions, hearings, or trial;

**(4) Consultants, Contractors, Investigators and Experts.** Consultants, contractors, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the litigation, preparation, and trial of this action or proceeding;

**(5) Witnesses.** Witnesses at depositions, hearings, trial, or other official proceedings, and;

**(6) Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

Each party shall maintain copies of their respective acknowledgment forms, and will make such forms available to the Court at its request, or to the other side in the event of a loss or suspected loss of protected documents or at the other side's request based on a reasonable belief that any individual who received protected documents has not adhered to the terms of this Order.

**(c) Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL - SUBJET TO PROTECTIVE ORDER pursuant to the terms of this Order.

**(d) Copies.** Prior to production to another party, all copies, electronic images,

duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if a similar marking does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**(e) Inadvertent Production of Confidential Documents.** Inadvertent production of any document or information without a designation of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall be without prejudice to the producing person. Inadvertent failure to designate a document or information as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER may be corrected by the producing party by written notification to the recipient promptly upon discovery of the failure to designate.

**(f) Responding to Subpoenas.** If at any time any party having possession, custody, or control of materials designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER is served with a subpoena or other process by any court, administrative agency, legislative body, or other legal authority purporting to have authority to compel the production of such information, the person to whom the subpoena or other process is directed shall provide written notice to the counsel for the party that designated the materials as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER within ten (10) business days of receiving the subpoena or not less than

five (5) business days prior to producing the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER material, whichever is earlier.

**6. Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party. Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

**7. Confidential Information Filed with the Court.** To the extent that any materials subject to this Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal by the filing party with the Clerk of the Court with a simultaneous motion, even if the filing party believes that the materials subject to the Order are not properly classified as confidential. For this filing, the parties shall refer to the procedure set forth in this Court's ECF Forms, Instructions, and Other Information referred to as E-filing SEALED Documents in UNSEALED Cases, which is located on the Court's website, and Local Rule 5.1(h); provided, however, that a redacted version with as few redactions as possible will be filed on the public record. This Order does not prevent public disclosure of appropriately redacted confidential documents.

**8. Use of Confidential Documents or Information at Trial.** Absent order of the Court, nothing in this Order shall prevent a party from using at trial, at deposition or any hearing, any

information or documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**9. Obligations on Conclusion of Litigation**

**(a) Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b) Return or Destruction of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents.** Within a reasonable period after dismissal or entry of final judgment not subject to further appeal or litigation, all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶ 5(d), as well as documents created by either party containing or reflecting protected materials, shall be returned to the producing party or destroyed unless the document has been offered into evidence or filed without restriction as to disclosure. "Reasonable period" includes any retention time necessary due to records retention requirements but shall not exceed 60 days.  At the request of either side, the destroying party shall provide a sworn certification to counsel for the producing party describing which documents have been destroyed. Notwithstanding the above requirements to return or destroy documents, counsel may retain its own attorney work product, including an index which refers or relates to information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents.  Legal memoranda

and briefs containing protected information and any work product materials containing protected information may be retained if such documents shall be kept in the possession of a private litigant's counsel, or in the possession of a governmental entity, and shall not in the future be disclosed contrary to the provisions of this Protective Order.

**10. Production of Privileged Material.** This paragraph applies to the attorney-client privilege, work-product protections, and all other protections afforded by Federal Rule of Civil Procedure 26(b) and governmental privileges.

    **(a)** If a party discovers a document, or part thereof, produced by another party that it determines is privileged or otherwise protected, the receiving party shall promptly notify the producing party and shall either return the document or destroy it and certify the destruction to the producing party. This paragraph is not intended to shift the burden to identify privileged and protected documents from the producing party to the receiving party.

    **(b)** If the producing party determines that a document produced, or part thereof, is subject to a privilege or privileges, the producing party shall promptly give the receiving party notice of the claim of privilege. The notice must contain information sufficient to identify the document including, if applicable, a Bates number as well as an identification of the privilege asserted and its basis.

        **(i)** If the receiving party agrees with the privilege assertion made, the receiving party must promptly return the specified document and any copies, or destroy the document and copies and certify to the producing party that the documents and copies have been destroyed. The receiving party must also destroy any notes taken about the document. If the receiving party disclosed the document or information specified in the notice before receiving the notice, it must

take reasonable steps to retrieve it, and so notify the producing party of the disclosure and its efforts to retrieve the document or information.

    **(ii)** If the receiving party disagrees with the privilege assertion made, the receiving party shall promptly meet and confer with the producing party. The document shall be sequestered and the information subject to the notice shall not be used by the receiving party in the litigation while the dispute is pending. (Segregable information not subject to the privilege notice may be used while the dispute is pending.) If the parties are unable to come to an agreement about the privilege assertions, the producing party must move for a judicial determination of the privilege claim. Failing to move within thirty days of conferring with the receiving party waives any claim of privilege over the disputed document or information. Pending resolution of the judicial determination, the parties shall refrain from using the challenged information for any purpose and shall not disclose it to any person. Briefing on the challenged information must seek to protect the claimed privilege, though this paragraph is not intended to shift the burden of the party seeking to protect its information from justifying a seal.

  **(c)** The production of a document, or part of a document, shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding.

  **(d)** This paragraph displaces the provisions of Federal Rule of Evidence 502(b)(1)–(2). That is, the disclosure of privileged or protected information, as described above, in this litigation shall not constitute a subject-matter waiver of the privilege or protection in this or in any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure.

**(e)** Nothing in this paragraph limits a party's right to conduct a pre-production review of documents as it deems appropriate.

**(f)** Nothing in this paragraph constitutes an admission that any document disclosed in this litigation is subject to any of the foregoing privilege or protections, or that any party is entitled to raise or assert such privileges. Additionally, nothing in this paragraph shall prohibit parties from withholding from any production any document covered by any applicable privilege or other protection or alter the requirements for logging documents for which there is a claim of privilege.

**11. Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

**12. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law offices and firms, the parties, and persons made subject to this Order by its terms.

APPENDIX A
ACKNOWLEGEMENT AND AGREEMENT TO CONFIDENTIALITY

I, _____, understand that confidential documents, testimony, and/or information may be disclosed to me for purposes of my involvement in the lawsuit *Maswoswe v. Garland*, Civil Action No. 21-411 (D.D.C.). I have also been advised and understand that, by agreement between the Parties and as ordered by the Court, such confidential documents, testimony, and/or information are subject to a Stipulated Protective Order and may not be used for any purpose other than the prosecution or defense of this lawsuit.

I hereby certify that I have read the Stipulated Protective Order entered in this matter and I agree to maintain the confidentiality of any documents, testimony, and/or information provided to me pursuant to the Stipulated Protective Order. I also agree to otherwise abide by the terms of the Stipulated Protective Order.

I have been advised and understand that my unauthorized use or disclosure of any confidential documents, testimony, and/or information is a breach of the Stipulated Protective Order and I may be liable for damages and subject to sanction by the Court as a result of such a breach. I agree that I am subject to the jurisdiction of the Court for purposes of enforcing the provisions of this Stipulated Protective Order.

Date: _____    Name (Print): _____

Signature: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SHAMISO MASWOSWE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 21-411 (CKK) |
| v. | ) |
| | ) |
| **MERRICK GARLAND,** | ) |
| **U.S. DEP'T OF JUSTICE,** | ) |
| | ) |
| Defendant. | ) |

# [PROPOSED] ORDER

THE COURT, being fully advised on the matter, hereby GRANTS the Joint Motion to adopt the Stipulated Protective Order.

IT IS ORDERED that the Stipulated Protective Order attached hereto be adopted and govern the exchange and use of Confidential Information in this case.

SO ORDERED.


Date: _____        _____
                                              Honorable Colleen Kollar-Kotelly
                                              United States District Judge

## CERTIFICATE OF SERVICE

      I hereby certify that on March 11, 2022, I served the foregoing Joint Motion for Entry of Stipulated Protective Order on all parties of record via the Court's CM/ECF System.

                                                  */s/ Marlene Laimeche*
                                                  Marlene A. Laimeche, Bar No. 1027951